### PATENT ROYALTIES CORPORATION et al. v. LAND O'LAKES CREAMERIES, Inc., et al.

### No. 7569.

District Court, E. D. New York.

June 12, 1936.

Stephen J. Cox, of New York City (Stephen H. Philbin and Charles W. Hull, both of New York City, of counsel), for plaintiff.

Robert S. Blair, of New York City, and William F. Hall, of Washington, D. C. (Ellis Spear, Jr., and George B. Rawlings, both of Boston, Mass., of counsel), for defendant.

GALSTON, District Judge.

This is a patent suit involving letters patent No. 1,429,207, issued September 12,

1922, to Koppelman & Cooper, on an application filed July 17, 1922, for an improvement in packing for fragile articles; also patent No. 1,445,780 to L. Mann et al., issued February 20, 1923, on an application filed July 18, 1922, for an improvement in packing for eggs and other fragile articles.

Claims 1, 3, 4, 8, 9, and 10 of the former patent and claims 1, 2, and 6 of the latter are in issue.

The patent to Koppelman & Cooper was the subject of litigation in Holed-Tite Packing, Inc., v. Mapes et al. (D.C.) 11 F.(2d) 787, and claims 1 to 6, inclusive, and 8 to 10, inclusive, were held valid and infringed. ·

■ In the Koppelman & Cooper patent the inventors state that prior to the filing of their application it had been proposed to make packing units having holders projecting from a "flat" by taking a sheet of drawing board, heavy paper, or the like and stamping or rolling it so as to produce the projecting holders. It is asserted that none of those devices was ever successfully used and none brought to have any practical or commercial value. Apparently the reasons for failure resided in the material employed, for the inventors state:

"One reason for this is that even if the paper or board is thoroughly saturated with water or other liquid, and then formed by flat dies or rolls, or otherwise, the fibres having once been set—in the original making—in certain positions and relations will always have a tendency to return thereto, and to deform the unit and the parts thereof, and to reduce its strength to such an extent that it will not do its work properly. Another reason is found in the fact that in forming the projecting members from such a sheet of material the area is necessarily very greatly increased, and the fibres stretched and torn, even where openings are made in the material and the displacement of the opening utilized in forming the projections. The result is that the holders are weak and badly formed and will not hold their shape or resist the shocks and strains of use. If board of sufficient thickness were used to permit the formation of holders thereon without rupturing or unduly weakening the material, the objection first noted would still be present, and the weight of the board and its cost would be prohibitive."

. .Additional grounds are cited for these failures in the prior art attributable to "the shape and proportions of the holding projections which give them a tendency to yield under ordinary strains and permit the eggs or other articles to become loose in their cells, and even permit the cells to move thereon and displace the eggs or cause them to break, through indirect contact with each other on opposite sides of cell walls or holders or otherwise."

To overcome the failure in the prior art, attributable to the material employed, the inventors form their sheet or flat of wood pulp or cellulose or other loose fibrous material, the fibers being first placed in a liquid bath. The parts, it is said, may then be made by felting, as described in a then pending application of these inventors.

To meet the failures arising from the shape and proportions of the flats of the prior art, the holders for the eggs or other articles are made substantially of conical form and simultaneously with the sheet, as described in letters patent to Morris Koppelman et al., No. 1,413,047, of April 18, 1922. The holders have a web or globe-like connecting and reinforcing portion extending over the space circumscribed by the edges of their upper openings, "the pitch or inclination of the outer walls of the holders being in the opposite direction of that of its inner walls, which, with the bottom portion, form the cup-like interior."

The inventors claim that their holders are of such form and so constructed as to hold the eggs securely and to lock the cell walls or "fillers" against all lateral movement. This is accomplished while they are held only "relatively rigid" with "a sufficient degree of elasticity to accommodate themselves to variations in the sizes of the eggs."

None of the claims includes the method of producing the packing. The defenses to this patent are invalidity and noninfringement.

Claim 1 may be taken as a typical claim. It reads:

"A packing for eggs and other fragile globular articles, comprising a sheet having thereon a series of projecting holders each consisting of a round upstanding rim of substantially truncated conical form, an inwardly and downwardly inclined interior part extending to a point near the base of the said upstanding portion, and a central bottom portion, the downward inclination of the said inner portion being approximately tangential to the curve of the article to be placed therein, the space defined by the edge formed by the junction of the upstanding portion and the interior portion

being of lesser diameter than the greatest diameter of said article and adapted to hold the latter by contact therewith between its middle and its bottom and the bottom part of the holder being normally below the said bottom of the article."

In the defendant's structure, the form of the projecting holder differs from that defined in this claim as well as in the other claims in suit. It does not consist of a "round" upstanding rim of "substantially truncated, conical form." In the defendant's structure, there are no conical surfaces. On the contrary, most obviously plane surfaces intersect one another with a gap between the two groups of such intersecting planes at two opposite corners. While this difference in form might at first appear to be a deliberate attempt to avoid the terminology of the plaintiff's claims, actually a difference in function is effected. The defendant's holder supports the egg at a point about midway down along the side walls of the holder. Even plaintiff's expert in his diagramatical illustration of the defendant's structure shows the egg supported at a point a little more than half way down the side walls at a considerable distance from the long corners on the inside surfaces. The effect of the conformation of the holder in the defendant's structure is to permit a bending action between the two halves as distinguished from the function of the holder of the patent.

In the defendant's structure there is no edge support nor line contact. Plaintiff's expert admitted that four small surfaces furnish the contact. The construction of the patent in suit provides solely for a rim or edge contact.

The Koppelman & Cooper patent in suit says:

"The form of each holder is substantially an arch of which the egg or other globular article therein forms the keystone, so that great strength and durability and resistance to shocks and jars is obtained and the tendency of these strains to deform and break down the holder is resisted."

Then they add:

"This would not be the case if the holders were so formed that they would give way and spread or bend."

This seems to describe exactly the defendant's structure. None the less the form has been found entirely satisfactory.

Again the patent states:

"The cup-like concave portion spanning the opening at the top of each holder forms in effect a reverse arch to resist strains tending to crush the holder or cause it to give way;"

I find no suggestion of an arch or equivalent member in the defendant's device.

Moreover, the inside, downwardly projecting plane surfaces of the defendant's holder do not show "downward inclination of the side, inner portion, being approximately tangential to the curve of the article to be placed therein," as defined in claims 1, 3, and 4.

In claim 9 there is reference to "relatively rigid holders."

What "relatively rigid" means can only be ascertained by reference to the patent itself. In one sense, the defendant's holder is rigid. Nevertheless, there is a definite bending and giving between the upper and lower halves of the holder on the axis passing through the short diagonal. This action is different from the rigidity suggested in the arch-like construction with the keystone defined in the plaintiff's patent.

Claim 10 is a process claim. It recites nothing more than the necessary assembly of the members that make up the egg compartments. Apparently the only element of novelty was to use the cup-like holders mounted on a flat member. However, Lannan, a plaintiff's witness, admitted that there was no difference between the procedure thus adopted and that which was followed when the prior art revealed only a plain flat or a corrugated flat. I find no suggestion of an inventive act in this assembly of the parts. The voluminous record in this case has very little to do either with this claim or its infringement. What the defendant did was merely to substitute its present flat for that which it had used for years before. In such substitution I find no infringement.

The claims in issue of the first patent in suit are not infringed.

■ The second patent, No. 1,445,780, to Mann & Koppelman, relates to the same art. In carrying out the improvements the flats are provided with a series of knobs or studs, so disposed and distributed that one is located in each corner of each egg-receiving compartment of the filler when the filler is in place.

302

The claims in issue read:

"1. In a packing of the type including flats and collapsible cell-forming fillers, a flat comprising a sheet having bulged areas formed therein, said bulged areas being so disposed as to prevent lateral movement of the cell walls of the engaged filler.

"2. In a packing of the type including flats and collapsible cell-forming fillers, a flat comprising a sheet having protuberances formed therein without severing the material, said rounded protuberances being so disposed as to prevent lateral movement of the cell walls of the engaged filler.

"6. In a packing of the type including flats and collapsible cell-forming fillers, a flat comprising a sheet having rounded protuberances formed therein, said rounded protuberances being so disposed as to prevent lateral collapse of the cell walls of the engaged filler, and said rounded protuberances being adapted to support a packed article out of contact with the walls of the containing cell."

The claims are broader than the specification. There is no suggestion in the patent that the positioning of the fillers could be effected by fewer than four knobs located as the specification says "in each corner of each egg-receiving compartment of the filler." I believe these claims are invalid as being too broad; also because they lack invention. Nor is there any proof of infringement.

Accordingly, the complaint will be dismissed.

If this opinion is not in sufficient compliance with the rule requiring findings of fact and conclusions of law, submit findings of fact and conclusions of law in accordance therewith.